[No. 870.   Decided December 30, 1893.]

LARAMIE MAYER, *Assignee of Charles F. Frasch, Appellant,* v. CHARLES F. FRASCH AND KATE FRASCH, *Respondents.*

FRAUDULENT CONVEYANCES — CONVEYANCE TO WIFE.

A conveyance by a husband to his wife is not fraudulent as to creditors, although he was indebted to them at that time, and has been ever since, when in fact the indebtedness existing at the time of the conveyance had been liquidated, and the debtor was, moreover, possessed of considerable other property, and had never represented himself as the owner of the land in controversy for the purpose of securing credit.

*Appeal from Superior Court, King County.*

*Strudwick & Peters,* for appellant.

*Fred. H. Peterson,* for respondents.

The opinion of the court was delivered by

SCOTT, J.— This action is brought to set aside a conveyance executed by Charles F. Frasch to Kate Frasch, his wife, of one hundred and sixty acres of land, situated in Whatcom county, on the ground that said conveyance was a fraud upon his creditors.

Said Charles F. Frasch became the owner of the land on the 7th day of September, 1889, and on the 27th day of November of said year he intermarried with his co-defendant, and the deed of the land in question was executed on the 12th day of April following. Said land was of the value of about one thousand dollars. During these times, and prior and subsequent thereto, the defendant Charles F. Frasch was engaged in the grocery business in the city of Seattle. On the 9th day of March, 1891, he made a deed of general assignment of all of his property, both real and personal, for the benefit of his creditors, to

one Chris. R. Frasch, who was, upon objection made by certain of the creditors, thereafter removed, and appellant was appointed in his stead.

It appears that upon the day said deed to Kate Frasch was executed, Charles F. Frasch was indebted to Schwabacher Bros. & Co. in the sum of $700, and to Tilman & Bendel in the sum of $1,500, parties of whom he was accustomed to purchase groceries in the conduct of his business, and to whom he is indebted at the present time. It also appears that it was the custom of said creditors to send him monthly statements of his account, and for him to remit money to apply thereon from time to time. It further appears that after said conveyance he remitted to each of said creditors large sums of money, much more than sufficient to discharge the indebtedness existing on said April 12, 1890. It appears, however, that he was purchasing goods of them during all of these times, and it is not clear that he was at any time entirely out of debt to either of them.

The lower court found that none of the claims now being pressed were in existence at the time of the execution of the deed, and for that reason that there were no grounds upon which the same should be set aside, and we are of the opinion that the finding of the lower court must be sustained in this particular. The proof upon the point is conclusive, and the fact, if fact it was, that said Charles F. Frasch was indebted to the creditors mentioned at all times from and including the execution of the deed would not be sufficient to authorize them to attack the same, as the particular debts now in existence were incurred thereafter, the the ones in existence at the time of the conveyance having been paid.

It further appears that the deed was placed on record within a day or two after its execution, and that said land was only a very inconsiderable part of the property then owned by said Charles F. Frasch. It also appears that he

occasionally sent statements to his said creditors of his condition, and of the property he owned, and in none of the statements did he make mention of the land in question as being owned by him.

Affirmed.

DUNBAR, C. J., and STILES, HOYT and ANDERS, JJ., concur.